

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT HART | CIVIL ACTION |
| VERSUS | NO. 05-1391 |
| SHERIFF MARLIN GUSMAN, ET AL. | SECTION "S" (1) |

### REPORT AND RECOMMENDATION

Plaintiff, Robert Hart, was incarcerated within the Orleans Parish Prison system at the time he filed the above-captioned *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 regarding his access to legal materials and the conditions of his confinement. Plaintiff named as defendants Sheriff Marlin Gusman and the prison's legal staff.

The complaint plaintiff signed contained the following declaration: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[1] Plaintiff has failed to meet that obligation. A minute entry from this Court scheduling a preliminary conference in this matter sent to plaintiff at his address of record was returned by the United States Postal Service on

---

[1] Rec. Doc. 1, p. 4.

July 14, 2005, as undeliverable because he was no longer incarcerated.[2] A staff member of this Court confirmed with a jail official that plaintiff was released from incarceration on June 24, 2005. Because plaintiff had not filed a change of address with the Court, he could not be contacted and, as a result, the preliminary conference had to be canceled.[3]

Local Rule 41.3.1E provides:

> The failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days.

The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed.R.Civ.P. 41(b). The court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

---

[2] Rec. Doc. 8. A later mailing was also returned to this Court as undeliverable on July 25, 2005. Rec. Doc. 9.

[3] Rec. Doc. 7.

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). Plaintiff has failed to provide this Court with his current address and has taken no action to prosecute this litigation since his release from custody. This Court has no way to contact plaintiff to reschedule the preliminary conference or to otherwise advance his case.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this nineteenth day of August, 2005.

SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE

3